J-S80008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAWANA GEANI RHODES | : | |
| | : | |
| Appellant | : | No. 2250 EDA 2017 |

Appeal from the Judgment of Sentence June 5, 2017
In the Court of Common Pleas of Northampton County Criminal Division at
No(s):  CP-48-CR-0003709-2016

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 27, 2018**

Tawana Geani Rhodes appeals from the judgment of sentence of three days to six months imprisonment for driving under the influence ("DUI") of a controlled substance (marijuana).  After careful review, we affirm.

The pertinent facts underlying Appellant's conviction are as follows. At approximately 12:36 a.m. on August 25, 2016, Walnutport Police Officer Antonio Tramonte observed Appellant's vehicle traveling on Main Street with a non-functioning passenger side rear light.  Officer Tramonte stopped Appellant's vehicle.  As he requested Appellant's license and registration, the officer detected the smell of burnt marijuana coming from the vehicle and observed that Appellant had bloodshot, glassy eyes.  Officer Tramonte asked Appellant if there was anything he should be worried about, and Appellant volunteered that she had smoked marijuana earlier that day.  When

Appellant exhibited signs of impairment on field sobriety tests, Officer Tramonte arrested her and transported her to Palmerton Hospital.

At the hospital, Officer Tramonte asked Appellant to submit to a blood draw. After informing Appellant of her rights in this regard, the officer read from Pennsylvania Department of Transportation ("PennDOT") Form DL-26B, which explained that refusal to submit to blood testing would result in the suspension of driving privileges. Appellant signed the form consenting to the blood draw, which revealed positive levels of delta nine THC, consistent with marijuana use.

Appellant was charged with DUI, a schedule I controlled substance (marijuana); DUI, impairment; and no rear lights. On March 31, 2017, Appellant filed an omnibus pretrial motion seeking to suppress the results of the blood draw on several grounds. Following a hearing, the suppression court denied Appellant's motion.

A non-jury trial was held on June 5, 2017, and the court found Appellant guilty of both DUI counts and driving without rear lights.[1] Following her sentencing, Appellant filed a timely notice of appeal. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, she complied, and the trial court authored its Rule 1925(a) opinion.

_____

[1] For sentencing purposes, the trial court merged the DUI impairment conviction with the DUI (marijuana).

Appellant presents four issues that we have reordered for ease of disposition:

I.    Whether the evidence at trial was sufficient to find the Defendant guilty.

II.   Whether the Honorable Craig A. Dally, erred in not granting Defendant's motion to dismiss the charges against her as the Commonwealth had no cause to stop her vehicle when, at the suppression hearing testimony showed that the Defendant's vehicle did not have a faulty rear light as claimed by the Officer?

III.  Whether the Honorable Craig A. Dally, erred in not suppressing the results of the draw of the Defendant's blood which was obtained after an illegal stop and without a search warrant and when the Defendant was without the benefit of the warning necessitated by 75 Pa.C.S. Section 1547(b)(2).

IV.   The Learned Trial Judge, the Honorable Emil A. Giordano, erred in not suppressing the results of the blood draw of the Defendant which was obtained after an illegal stop and without a search warrant and when the Defendant was without the benefit of the warning necessitated by 75 Pa.C.S. Section 1547(b)(2).

Appellant's brief at 5-6.

First, Appellant argues that the only evidence supporting her DUI convictions was the warrantless blood draw.  She contends that since her consent to the blood test was not valid, the results should have been suppressed.  Without the results, she maintains that the evidence was legally insufficient to sustain the DUI convictions. The Commonwealth counters that Appellant waived her sufficiency claim by failing to provide the required specificity in her Rule 1925(b) statement.  ***See Commonwealth v.***

*Garland*, 63 A.3d 339, 344-45 (Pa.Super. 2013) ("In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient.").

The trial court recognized from Appellant's concise statement that she was challenging the sufficiency of the evidence supporting her DUI convictions. *See* Pa.R.A.P. 1925(a) Statement, 7/19/17, at 1. (concluding that, "the record will speak for itself and demonstrate the Commonwealth met its burden of proving beyond a reasonable doubt that the Defendant operated a motor vehicle under the influence of a controlled substance."). We find it deducible from Appellant's Rule 1925(b) statement, viewed in its entirety, that her sufficiency challenge pertained to the DUI convictions, and thus, we decline to find waiver.

Our standard of review when considering a challenge to the sufficiency of the evidence is

> whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying the [above test], we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in

applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Sweitzer***, 2017 Pa.Super.LEXIS 1078, at *6-7 (Pa.Super. 2017) (citations and quotation marks omitted). Furthermore, in "evaluating the sufficiency of the evidence, we do not review a diminished record." ***Commonwealth v. Hilliard***, 172 A.3d 5, 10 (Pa.Super. 2012) (citations omitted).

> Rather, the law is clear that we are required to consider all evidence that was actually received, without consideration as to the admissibility of that evidence or whether the trial court's evidentiary rulings were correct. Where improperly admitted evidence has been considered by the trier-of-fact, its subsequent deletion does not justify finding of insufficient evidence; the remedy in such a case is the grant of a new trial.

***Id***.

Appellant's sufficiency argument is premised on this Court's disregard of the blood test results. Since we are compelled to consider all evidence actually received when reviewing a sufficiency determination, even improperly admitted evidence, her argument ignores our standard of review. The blood test results alone were sufficient to support her DUI convictions.

Next, Appellant contends that the suppression court erred in finding there was probable cause for the traffic stop. The Commonwealth asserts waiver based upon Appellant's failure to argue and cite authorities in her brief in support of that position. Appellant's discussion of this issue is limited to the following: "[w]ith the permission of the Court, Defendant will

not argue the point of Defendant's Motion, probable cause to stop the vehicle, and move directly onto the crux of the matter, that is, did the Defendant knowingly and voluntarily consent to the blood draw." Appellant's brief at 11.

This Court has held that, "it is an appellant's duty to present arguments that are sufficiently developed for our review. . . . The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007) (citations omitted). Since Appellant did not provide any pertinent discussion, references to the record, or citations to legal authorities regarding the legality of the stop, we find that Appellant waived this claim. *See Commonwealth v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa.Super. 2014) (finding claims waived for failure to develop argument and lack of supporting authority); *see also* Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

Appellant's third and fourth issues challenge the trial court's denial of her motion to suppress the blood draw on the ground that her consent was invalid. In addressing a challenge to the denial of a suppression motion,

> Our standard of review . . . is limited to determining whether the factual findings are supported by the record and whether the

- 6 -

legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

*Commonwealth v. Singleton*, 169 A.3d 79, 82 (Pa.Super. 2017) (citations omitted).

Appellant alleges that the trial court erred in refusing to suppress the results of the blood test. The Commonwealth argues that Appellant's failure to include the transcript of the suppression hearing in the certified record is fatal to her claims. We note, however, that Appellant sought and obtained a court order for the transcript, and that it should have been included in the record. Accordingly, we located it and made it part of the certified record. Thus, we can meaningfully review the issue.

The following principles apply to the validity of a warrantless search:

A search conducted without a warrant is deemed to be unreasonable and therefore constitutionally impermissible, unless an established exception applies. Those exceptions include voluntary consent. The central Fourth Amendment inquiries in consent cases entail assessment of the constitutional validity of the citizen/police encounter giving rise to the consent; and, ultimately, the voluntariness of consent.

*Commonwealth v. Smith*, 2017 Pa.Super.LEXIS 1108, at *9 (Pa.Super. December 28, 2017) (quoting *Commonwealth v. Strickler*, 757 A.2d 884, 888 (Pa. 2000)) (quotation marks omitted). Admittedly, no warrant was

obtained for the blood test. At issue in the trial court was the validity of Appellant's consent to the blood draw.

Appellant cites **Birchfield v. North Dakota**, 136 S.Ct. 2160, 2185-86 (2016), for the proposition that a state cannot impose criminal penalties for a blood test refusal. She then relies upon **Commonwealth v. Evans**, 153 A.3d 323 (Pa.Super. 2016), where we remanded for a hearing to determine whether a partially inaccurate pre-**Birchfield** Form DL-26 threatening enhanced criminal penalties for refusal to submit to a blood test was coercive. She concedes, however, that Officer Tramonte used a revised form that did not reference criminal penalties for a blood test refusal. However, she contends that she was not informed of all the circumstances in play when she consented to the blood draw. For instance, she was not told of the increased penalties that she would incur if the blood draw revealed marijuana in her system. Thus, she contends, her consent was not voluntary.

The trial court found that Officer Tramonte read to Appellant from the revised Form DL-26B that properly advised that she would be subject only to the civil penalty of license suspension if she refused to submit to a blood test. Thus, the warning did not offend **Birchfield**. The court noted further that, after **Birchfield**, defendants no longer could face enhanced criminal penalties under 75 Pa.C.S. § 3804(c) for refusing chemical testing. **See Commonwealth v. Giron**, 155 A.3d 635 (Pa.Super. 2017). Furthermore,

- 8 -

the court found no evidence that Appellant's "consent was the product of duress, coercion, or an overborne will." Trial Court Opinion, 6/1/17, at unnumbered 6. Moreover, the court rejected Appellant's argument that **Birchfield** required that she be apprised that she was subject to enhanced penalties based on violations of 75 Pa.C.S. § 3802(a)(2), (b), (c), and (d)(1)(i), if the blood draw showed a positive reading.

We find that **Birchfield** and **Evans** are not implicated herein as the Form DL-26B that Officer Tramonte read to Appellant did not threaten criminal penalties for refusal to consent to a blood test. The facts herein mirror those in **Smith**, **supra**. Smith signed a DL-26 form acknowledging that she was advised that a refusal could result in suspension of her driver's license, and which made no mention of criminal penalties. We found **Birchfield** inapplicable on those facts since Smith was never advised that she would be subject to enhanced criminal sanctions should she refuse blood testing.

Appellant's contention that her consent was involuntary because the officer did not advise her that she was subject to increased criminal penalties if the blood test revealed the presence of prohibited controlled substances in her system is also without merit. In **Commonwealth v. Smith**, 77 A.3d 562, 564 (Pa. 2013), the Supreme Court of Pennsylvania held that a police officer was not required to "inform an individual that a positive result in a blood test may have criminal repercussions . . . " and rejected the notion

- 9 -

that the failure to do so "renders any consent to the blood test invalid[.]" The Court found therein that the appellee understood the purpose of the test, was not injured in any way, was informed of the right to refuse the test, and willingly participated in the blood draw. *Id*. at 573. Looking at the totality of the circumstances, the *Smith* Court reasoned that, "a reasonable person's consent to [the] blood draw would have contemplated the potentiality of the results being used for criminal, investigative, or prosecutorial purposes." *Id*.

Herein, Officer Tramonte testified that Appellant was responsive when he asked her to produce her license and registration. She also complied with his request that she submit to a field sobriety test, which indicated that she was capable of understanding at the time of the stop.[2] Appellant was given proper information regarding civil penalties for the refusal to submit to a blood test. The trial court found that, on these facts, she voluntarily signed the form consenting to the test. We find that the record supports the trial court's findings, and thus, we affirm the court's order refusing to suppress the blood test results.

Judgment of sentence affirmed.

_____

[2] Appellant does not argue that she was incapable of understanding and consenting at the time.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/18