J-S09011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:   PENNSYLVANIA
:
v.   :
:
:
DOMINIC ROUNTREE   :
:
Appellant   :   No. 1596 EDA 2020

Appeal from the PCRA Order Entered July 16, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011647-2015

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:          **FILED JULY 23, 2021**

Appellant, Dominic Rountree, appeals *pro se* from the order entered on July 16, 2020, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9646. We affirm.

As the PCRA court summarized, "[o]n September 21, 2015, [Appellant] shot and killed his brother, Jacquell Rountree (the "decedent"), at [a residence they shared with other family members] in Philadelphia." PCRA Court Opinion, 10/6/20, at 1. We adopt and incorporate the summary of facts set forth in our prior disposition of Appellant's direct appeal. ***See Commonwealth v. Rountree***, 2018 WL 1477205 (Pa. Super. 2018) (unpublished memorandum).

On November 7, 2016, a jury found Appellant guilty of third-degree murder and possession of an instrument of crime (PIC).[1]  On January 6, 2017, the trial court sentenced Appellant to 18 to 36 years' incarceration for his third-degree murder conviction, followed by five years' probation for the PIC conviction.  Appellant timely filed a post-sentence motion, which the trial court denied on February 28, 2017.  This Court affirmed Appellant's judgment of sentence on March 27, 2018.  **See Rountree**, **supra**.[2]  On September 4, 2018, our Supreme Court denied further review.  **See Commonwealth v. Rountree**, 193 A.3d 344 (Pa. 2018).

Thereafter, Appellant filed a *pro se* PCRA petition on November 20, 2018.  Appellant's petition asserted that the Commonwealth introduced false evidence to the jury through Commonwealth Exhibit C-36.  Exhibit C-36,

_____

[1] 18 Pa.C.S.A. § 2502 and § 907, respectively.

[2] On direct appeal, Appellant challenged his conviction as against the weight of the evidence due, in part, to a discrepancy between the testimony of Dr. Khalil Wardak, which stated that the bullet entered the decedent from the back right-side and traveled through decedent's body before lodging in his left chest, as shown in Commonwealth Exhibit C-35, and Commonwealth Exhibit C-36, a demonstrative body chart which showed the bullet entering the back right-side and stopping in the right chest.  Appellant's counsel raised the discrepancy and argued that it raised reasonable doubt and supported his self-defense theory.  The jury rejected Appellant's theory and found him guilty of third-degree murder.  **See Rountree**, 2018 WL 1477205, at *3 and*6 (noting that discrepancies are resolved by the fact-finder and that this discrepancy did not controvert the "significant and uncontradicted evidence that the bullet entered the decedent in his back").  This discrepancy, as will be discussed below, forms the basis of Appellant's current PCRA appeal.

referred to as the "body chart," was a demonstrative exhibit the Commonwealth showed to the jury to aid Assistant Medical Examiner Dr. Khalil Wardak in illustrating his testimony regarding the autopsy findings of the decedent's gunshot wounds. Appellant claims Exhibit C-36 incorporated false evidence because it noted the bullet's stopping point in the right chest, contrary to Dr. Wardak's testimony or Commonwealth Exhibit C-35 (the autopsy report) which noted the bullet's stopping point in the left chest. Appellant claims the Commonwealth knew that Exhibit C-36 included false evidence but placed it before the jury despite this knowledge. Appellant also claims that the Commonwealth suborned perjured testimony from Dr. Wardak because of the discrepancy between his testimony and the illustration of Exhibit C-36. Appellant maintains that the Commonwealth failed to correct the inaccuracies contained within Exhibit C-36 and that this failure constituted egregious prosecutorial misconduct. Appellant also claims that counsel was ineffective in failing to object to Exhibit C-36. Appellant further faults appellate counsel for failing to challenge Exhibit C-36 on direct appeal. Appellant's petition concluded that the prosecutorial misconduct here was so egregious that he is entitled to invoke double jeopardy to bar reprosecution.

PCRA counsel was appointed on February 15, 2019. On November 18, 2019, Appellant filed a motion to proceed *pro se* and, on December 2, 2019, PCRA counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.

Super. 1998) (*en banc*). PCRA counsel's no-merit letter explained that Appellant's petition rested on a discrepancy between Exhibit C-36, and Exhibit C-35 and Dr. Wardak's testimony. PCRA counsel explained that Appellant's claim lacked merit because (1) the issue was previously litigated when this Court addressed the issue and deemed it a minor discrepancy, and (2) the claim "ignores the overwhelming and uncontradicted evidence (including the body chart) indicating the bullet entered the decedent's right mid[-]back, thereby undermining [Appellant's] claim of self-defense." PCRA Counsel No-Merit Letter, 12/2/19, at 2.

On February 7, 2020, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant filed a response on February 25, 2020, asserting that he raised genuine issues of material fact and that he was entitled to an evidentiary hearing. The PCRA court formally dismissed Appellant's PCRA petition on July 16, 2020.[3] This appeal followed.[4]

_____

[3] In dismissing the PCRA petition, the PCRA court also permitted PCRA counsel to withdraw. This was reflected on the docket, but not within the original order. The PCRA court filed an amended order on September 8, 2020, solely to include language allowing PCRA counsel to withdraw.

[4] Appellant filed a timely *pro se* notice of appeal on July 30, 2020. Appellant then timely complied with the PCRA court's order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 6, 2020, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal *pro se*, Appellant presents the following issues for our review, which have been accurately consolidated and reordered by the PCRA court:

1. [Was] [t]rial [c]ounsel [] ineffective for failing to object to the admission of Commonwealth Exhibit [C-36], the body chart/body diagram, which [Appellant claims] to be a falsified legal document[?]

2. [Was] [a]ppellate [c]ounsel [] ineffective for failing to raise meritorious claims in the direct appeal 1925(b) [s]tatement[?]

3. Whether [Appellant] is entitled to [d]ouble [j]eopardy [] protections due to egregious-pervasive prosecutorial misconduct[?]

4. [Whether the trial court erred in admitting Brittney Clark's inculpatory testimony when it included three inconsistent statements?[5]]

[5. Whether Appellant was entitled to an evidentiary hearing before the PCRA court?]

PCRA Court Opinion, 10/6/20, at 2-3 (footnote omitted).

Our Supreme Court previously determined:

Under [the] standard of review for an appeal from the denial of PCRA relief, [an appellate court] must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. ***Commonwealth v. Washington***, 927 A.2d 586, 593 (Pa. 2007). The PCRA court's credibility determinations are binding on [an appellate court] when they are supported by the record. ***Commonwealth v. Johnson***, 966 A.2d 523, 532, 539 (Pa. 2009). However, [an appellate court] applies a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Rios***, 920 A.2d 790, 810 (Pa. 2007).

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances

_____

[5] We reorder Appellant's fourth issue to better clarify Appellant's unfocused and rambling claim.

enumerated in 42 Pa.C.S.A. § 9543(a)(2).  These circumstances include a violation of the Pennsylvania or United States Constitution and ineffective assistance of counsel which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(i), (ii).  Furthermore, a petitioner must establish that the claims of error raised in the PCRA petition have not been previously litigated or waived and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S. § 9543(a)(3) and (4); **Washington**, **supra**, at 593.

**Commonwealth v. Paddy**, 15 A.3d 431, 441–442 (Pa. 2011) (original brackets omitted).

In his first claim, Appellant argues that trial counsel was ineffective.  As our Supreme Court explained:

To prevail [on] a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing [] the following three elements, as set forth in **Commonwealth v. Pierce**, 527 A.2d 973, 975–976 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. **Commonwealth v. Dennis**, 950 A.2d 945, 954 (Pa. 2008).  With regard to the second, reasonable basis prong, "[an appellate court should] not question whether there were other more logical courses of action which counsel could have pursued; rather, [] must examine whether counsel's decisions had any reasonable basis." **Washington**, **supra** at 594.  [An appellate court may] conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Williams**, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. **Dennis**, **supra** at 954. [Our Supreme Court has] stress[ed] that boilerplate allegations and bald assertions of no

- 6 -

reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

*Paddy*, 15 at 442–443 (original brackets omitted).

The PCRA court determined:

[Appellant's] first claim is that the trial counsel was ineffective for failing to object to the admission of [Exhibit C-36], the body chart/body diagram, which [Appellant claims] to be a falsified legal document.

[Appellant's] assertion that [Exhibit C-36] is a falsified legal document stems from a discrepancy between Exhibit [C-]36, [Exhibit C-35] and the testimony of Dr. Wardak.

Exhibit [C-]36 is a [demonstrative exhibit of a] body chart which depicts a marking made by Dr. Wardak indicating an entrance wound to the right mid-back of the decedent and a marking indicating that the bullet was recovered from the **right side** of the decedent's chest.  [By contrast,] Exhibit [C-]35 is the Medical Examiner's report which reads that the decedent was shot in the right-mid back and that the bullet was recovered from the **left side** of the decedent's chest.  Dr. Wardak testified that the decedent was shot in the right mid-back, and that the bullet was recovered from the **left side** of the decedent's chest.  In fact, Dr. Wardak testified that the path of the bullet was right to left and back to front.  The marking on the body chart indicating that the bullet was recovered from the right side was clearly an inadvertent error of no evidentiary value.

\*    \*    \*

[Appellant's] claim lacks merit.  Notwithstanding the inadvertent error on the body chart, the evidence remains that [Appellant] admitted to shooting his brother.  Although [Appellant] claimed that he acted in self-defense, the eyewitness testimony and the location of the entrance wound ([on]the back) proved otherwise.  Since the error contained on [E]xhibit [C-]36 was of no moment, trial counsel cannot be found ineffective for failing to object to its admission.

PCRA Court Opinion, 10/6/20, at 6 (emphasis in original).

After a thorough review of the record, we concur with the PCRA court's assessment. During Appellant's direct appeal, we noted that it is up to the fact-finder to resolve discrepancies in the evidence and that the evidentiary value of this discrepancy was minimal balanced against "the significant and uncontradicted evidence that the bullet entered the decedent [through] his back." *Rountree*, 2018 WL 1477205, at *6, *citing* **Commonwealth v. Hilliard**, 172 A.3d 5, 14 (Pa. Super. 2017). On collateral review, Appellant still does not contest that he shot the decedent or that the bullet entered the decedent through his back. Where the bullet was located when retrieved during autopsy has no bearing on Appellant's self-defense claim given the undisputed material fact that Appellant shot the decedent multiple times, including a fatal gunshot wound which entered through the decedent's back. Therefore, Appellant's underlying claim lacks merit and fails to establish a prejudicial effect on the outcome of his trial, as required to establish an ineffective assistance of trial counsel claim. The PCRA court correctly dismissed Appellant's first claim.

In his second issue, Appellant claims his appellate counsel was ineffective for failing to raise meritorious claims during his direct appeal. Appellant asserts that his appellate counsel "failed to raise at least [s]ix (6) meritorious issues, precluding adequate review[.]" Appellant's Brief at 12. Appellant, however, fails to articulate what issues appellate counsel neglected to raise. Therefore, he has waived this issue. **Commonwealth v. Sarvey**,

199 A.3d 436, 452 (appellant waives claim where he relies on supposition and bald assertions). Assuming *arguendo* that Appellant's claim asserts that appellate counsel was ineffective for failing to raise the supposed discrepancy found in Exhibit C-36, this argument also fails for the reasons set forth in issue one.

Next, Appellant asserts that the Commonwealth's egregious misconduct precludes a new trial under the double jeopardy clause. The PCRA court determined that Appellant waived this claim by failing to raise it in his PCRA petition or his response to the PCRA court's Rule 907 notice of intent to dismiss. **See** PCRA Court Opinion, 10/6/20, at 8. We, however, find that Appellant raised it in the conclusion section of his petition and that he cited substantial pertinent caselaw regarding double jeopardy in support of his claim. Appellant, however, failed to demonstrate where in the record he preserved this claim within his trial proceedings or on direct appeal. Therefore this issue is waived. **Commonwealth v. Yandamuri**, 159 A.3d 503, 528 n.23 (Pa. 2017), *citing* Pa.R.A.P. 2119(e).[6]

---

[6] Even if we would find this issue properly preserved, Appellant's argument fails. Appellant cites only the "inadvertent error" and "minor discrepancy" involving Exhibit C-36. Minor discrepancies in the Commonwealth's case are not considered false evidence. **Commonwealth v. Ali**, 10 A.3d 282, 294 (Pa. 2010). Moreover, "Appellant has failed to demonstrate entitlement to relief [because] Appellant cites only discrepancies . . . and offers nothing to support his serious allegation that the prosecution knowingly presented false evidence." **Yandamuri**, 159 A.3d at 528.

In his fourth issue, Appellant contests several statements made during the testimony of Ms. Clark, the decedent's girlfriend. Appellant failed to raise this claim in his PCRA petition or in his response to the PCRA court's Rule 907 notice of intent to dismiss. Therefore, Appellant waived this claim on appeal. ***Commonwealth v. Elliot***,80 A.3d 415, 430 (Pa. 2013) (appellant waived issue because he failed to include it in his PCRA petition and failed to obtain permission to amend the petition to include the claim); Pa.R.Crim.P. 902(B) (failure to state a particular ground in petition precludes Appellant from raising that ground in post-conviction collateral proceeding).

In his final complaint, Appellant asserts throughout his brief that the PCRA court erred in dismissing his claim without an evidentiary hearing. Our Supreme Court determined:

> [...T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." [***See****, **i.e.,*** Pa.R.Crim.P. 907]. "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004).

***Paddy***, 15 A.3d at 442 (original brackets omitted).

Moreover, this Court explained:

> A PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. The right to an evidentiary hearing on a post-conviction petition is not

absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence.

It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Williams*, 244 A.3d 1281, 1287 (Pa. Super. 2021) (internal citations and original brackets omitted).

The PCRA court determined that Appellant failed to raise any issues of material fact which were in dispute because Appellant's claim centered on the alleged discrepancy reflected in Exhibit C-36. Based upon our review of the certified record and applicable law as set forth above, we agree with the PCRA court. Regardless of the trajectory of the bullet once it entered the decedent's body – *i.e.*, whether it was recovered from the left or the right chest area – the critical and material fact remained uncontroverted that Appellant shot the decedent in the back. Moreover, Appellant failed to allege sufficient facts to support his allegation of prosecutorial misconduct. Therefore, this claim too did not merit an evidentiary hearing. As such, the PCRA court did not err by denying relief without conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/23/2021</u>