J-S23019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                               :           PENNSYLVANIA
                                               :

               v.                      :
                                             :
                                           :

CHRIS LAWRENCE                      :
                                           :

            Appellant          :     No. 3539 EDA 2016

Appeal from the Judgment of Sentence July 1, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008435-2013,
CP-51-CR-0008752-2013

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:         **FILED AUGUST 01, 2018**

Appellant Chris Lawrence appeals from the judgments of sentence to serve an aggregate 27½ to 55 years' imprisonment imposed following his convictions in the above-captioned cases. Appellant challenges the discretionary aspects of his sentence. For the reasons that follow, we affirm in part, but vacate the sentences on one count of aggravated assault and two counts of violations of the Uniform Firearms Act (VUFA).

The trial court set forth the facts in CP-51-CR-0008435-2013 (8435-2013) as follows:

> On May 14, 2013, around 12:40 a.m., Police Officer Thomas Schaffling heard gunshots in the area of the 2500 block of North 5th Street[, Philadelphia]. About 20 seconds later, Mr. Ryan Benes pulled up driving a white utility truck [in front] of the Number One

_____

[*] Former Justice specially assigned to the Superior Court.

> Chinese Store. Officer Schaffling and his partner entered the store and saw a black male on the floor, later identified as Mr. Montez Perrin. The officers also observed another black male leaned against the wall to the left who had blood dripping from his hand identified as Mr. William Floyd. The officers first believed Mr. Perrin was deceased, however, he suddenly took a gasp of air. The officers then decided to load Mr. Perrin into a police cruiser and take him to the hospital. Eventually, when the officers were securing the scene, another man, Nicholas Sicard, came walking off Lawrence Street with a gunshot wound from the incident.

Trial Ct. Op., 10/31/17, at 2-3. Appellant was charged with numerous offenses, including attempted murder, aggravated assault, robbery, conspiracy, firearms not to be carried without a license (VUFA 6106), and carrying a firearm on a public street (VUFA 6108).[1]

In CP-51-CR-0008752-2013 (8752-2013), Appellant was charged with one count of possession of a firearm by a prohibited person (VUFA 6105).[2] Although the facts underlying that conviction are not detailed in the record, the criminal complaint states that the date of the offense was May 17, 2013, which was the date of Appellant's arrest for the robberies.

On July 12, 2013, the Commonwealth filed an information in 8435-2013 charging Appellant with twenty-two counts. The information contained a notice that the Commonwealth intended to pursue "second-strike" mandatory minimum sentences under 42 Pa.C.S. § 9714 for attempted murder,

---

[1] 18 Pa.C.S. §§ 901(a), 2702, 3701(a)(1)(i), 903, 6106, and 6108, respectively.

[2] 18 Pa.C.S. § 6105.

aggravated assault, and robbery counts.[3]  On July 17, 2013, the Commonwealth filed an information in 8752-2013 charging Appellant with a single count of VUFA 6105.

Appellant proceeded to a jury trial in 8435-2013.  On April 25, 2016, a jury found Appellant of guilty of one count each of attempted murder, conspiracy, VUFA 6106 and VUFA 6108, and three counts each of aggravated assault, and robbery.  The trial court held a separate nonjury trial in 8752-2013 and, on April 29, 2016, found Appellant guilty of one count of VUFA 6105.

On July 1, 2016, the trial court, in 8435-2013, sentenced Appellant to 15 to 30 years' incarceration for the attempted murder of Perrin[4] and mandatory 10 to 20 years' incarceration each for the remaining three counts of robbery and aggravated assault.[5]  The sentences for the robberies and

---

[3] Of relevance to this appeal, 42 Pa.C.S. § 9714(a)(1) requires the imposition of a ten-year mandatory minimum sentence upon a second conviction of a crime of violence.  We add that mandatory minimum sentences based on prior convictions do not violate **Alleyne v. United States**, 570 U.S. 99 (2013).  **See Commonwealth v. Reid**, 117 A.3d 777, 784 (Pa. Super. 2015).

[4] At sentencing, the parties agreed that the jury rendered a verdict finding that the attempted murder caused serious bodily injury.  **See Commonwealth v. Barnes**, 167 A.3d 110, 121 (Pa. Super. 2017) (*en banc*).

[5] The trial court stated at the sentencing hearing that it merged the count of aggravated assault as to Perrin into the count of attempted murder.  However, the written sentencing order states that it imposed a concurrent sentence on that count.

aggravated assault were ordered to run concurrently to each other but consecutive to the sentence for attempted murder. The court further sentenced Appellant to concurrent terms of 3½ to 7 years' incarceration for VUFA 6106, and 2½ to 5 years' incarceration for VUFA 6108. The trial court applied the deadly weapon used enhancement[6] (DWE-used) to all of the counts in 8435-2013, including the two VUFA counts.

The trial court also sentenced Appellant to 2½ to 5 years' incarceration for VUFA 6105 in 8752-2013, to run consecutively to the sentences imposed in 8435-2013. *Id.* The resulting aggregate sentence for both cases was 27½ to 55 years' incarceration. *Id.*

Appellant filed timely post-sentence motions in both cases arguing, in relevant part, that the trial court failed to consider mitigating circumstances at sentencing. Appellant further suggested that the trial court's aggregate sentence exceeded the sentencing guideline applicable to attempted murder. The trial court denied Appellant's motion by operation of law on November 2, 2016.

On November 9, 2016, Appellant filed timely notices of appeal in both cases. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In its Rule 1925(a) opinion, the trial court stated, in relevant part, that the aggregate sentence imposed was not excessive. Trial Ct. Op., 10/31/17, at 20-21. The court indicated that it considered the sentencing guidelines and

_____

[6] *See* 204 Pa. Code §§ 303.10(a), 303.17(b).

weighed Appellant's age, background, rehabilitative needs, and the testimony offered at the sentencing hearing. *Id.* at 21.

Appellant raises a single question for our review:

Did the trial court commit an abuse of discretion because it imposed a sentence that was excessive under the circumstances given that the honorable court did not consider Appellant's mitigating circumstances?

Appellant's Brief at 4.

Appellant contends that the trial court's sentence was excessive and that the court failed to consider mitigating factors. Appellant's Brief at 20. He further claims that the sentencing court focused solely on the seriousness of the crime in fashioning the sentence. *Id.* Finally, Appellant asserts that the sentencing court provided no explanation for why a sentence of this particular length was warranted, nor did it offer any reasons for the sentence "other than to say [the court] chose a sentence that was approximately halfway between what defense counsel and the prosecutor suggested would be an appropriate aggregate sentence." *Id.* at 30-31.

The Commonwealth counters that the trial court did not abuse its discretion in sentencing Appellant. In support, the Commonwealth argues that "the sentencing court had no alternative but to impose mandatory minimum sentences 42 Pa.C.S. § 9714(a)(1), (d) for [Appellant]'s robbery, aggravated assault, and conspiracy convictions" and that Appellant has failed to show that his aggregate sentence is manifestly excessive. Commonwealth's Brief at 8.

The Commonwealth, however, observes that although the trial court stated that it intended to merge the count of aggravated assault as to Perrin with the count of attempted murder, the written sentencing order states that the court imposed a concurrent sentence of 10 to 20 years' imprisonment. The Commonwealth also notes that the trial court erred in using the DWE to calculate the sentencing ranges for VUFA 6106 and 6108 because "the deadly weapon enhancement does not apply to [VUFA]." *Id.* at 12-13 (citing 204 Pa. Code § 303.10(a)(3)(viii)). Regardless, the Commonwealth suggests because the court imposed the sentences for those counts concurrently, the sentences may be vacated without affecting the overall sentencing scheme. *Id.* at 13.

The issues raised by Appellant implicate the discretionary aspects of the trial court's sentence. It is well-settled that a challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. McNear*, 852 A.2d 401, 407 (Pa. Super. 2004). To reach the merits of a discretionary issue, this Court must determine whether the appellant: (1) preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) filed a timely notice of appeal; (3) set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) raises a substantial question for our review. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011).

Appellant has timely appealed and included a Rule 2119(f) statement in his brief. Appellant also timely filed post-sentence motions that preserved his claim that the trial court failed to consider mitigating factors. However,

Appellant's post-sentence motion did not raise a claim that the trial court's statement for imposing the sentence was inadequate, and Appellant did not object at the sentencing hearing. Therefore, this claim is waived. *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Commonwealth v. Reeves* 778 A.2d 691, 692-93 (Pa. Super. 2001) (noting waiver is appropriate where the appellant failed to provide the trial court with an opportunity to consider the claim or correct its error).

Appellant's Rule 2119(f) statement challenges the trial court's failure to consider mitigating factors and an attendant claim that the sentence was excessive. Appellant's assertion that the aggregate sentence was excessive, however, amounts to little more than a challenge to the consecutive nature of (1) the 15-to-30 year sentence for attempted murder, (2) the mandatory 10-to 20-year sentences for the remaining aggravated assaults and robberies, and (3) the 2½-to-5 year sentence for VUFA 6105. Such a challenge ordinarily does not raise a substantial question where, as here, there were multiple victims of Appellant's crimes and separate criminal incidents. *See Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018). Nevertheless, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (citation omitted). Therefore, we will consider Appellant's

arguments that the aggregate sentence was excessive and that the trial court failed to consider mitigating factors.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citing ***Commonwealth v. Johnson***, 967 A.2d 1001 (Pa. Super. 2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id***. (citing ***Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007)).

Where a sentence is imposed within the guidelines, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d), and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b).[7] ***See Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013).

---

[7] Section 9721(b) states that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Section 9781(d) provides:

In fashioning a sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009); 42 Pa.C.S. § 9721(b)).  The court should reference "the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation." *Id.*  Although "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender."  *Crump*, 995 A.2d at 1283.  Further, this Court has held that "where the sentencing judge had the benefit of a pre-sentence investigation report [(PSI)], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."  *Ventura*, 975 A.2d at 1135.

_____

In reviewing the record, the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

As to Appellant's claim that the trial court failed to consider mitigating factors, a review of the sentencing transcript indicates that the trial court was aware of all relevant factors. The court had the benefit of a PSI, and we can presume that the court read and considered the contents of the report.[8] *See Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992); *Ventura*, 975 A.2d at 1135. Moreover, the sentencing transcript reveals that the court heard: (1) testimony from Appellant's mother; (2) a statement from the mother of Appellant's children; (3) the results of Appellant's mental health evaluation and diagnosis of bipolar disorder; and (4) information regarding Appellant's age and background. *See* N.T., 7/1/17, at 6-12. Therefore, Appellant's assertion that the trial court failed to consider mitigating factors warrants no relief.[9]

As to Appellant's claim that the aggregate sentence was excessive, the trial court was well aware of the nature and circumstances of the offenses.

---

[8] We note that the PSI was not included in the record. However, the court indicated in its Rule 1925(a) opinion that the PSI mentioned Appellant's age and discussed his difficult upbringing and mental health history, among other factors. *See* Trial Ct. Op., 10/31/17, at 21.

[9] Indeed, the trial court's sentence was below the Commonwealth's recommendation of a statutory maximum sentence for attempted murder. Moreover, the trial court, which imposed a concurrent sentence for robbery as to robbery of Perrin, rejected the Commonwealth's argument that consecutive sentences were appropriate because the robbery and attempted murder constituted separate acts. *Cf. Commonwealth v. Payne*, 868 A.2d 1257, 1262-63 (Pa. Super. 2005) (holding that robbery resulting in serious bodily injury did not merge with aggravated assault causing serious bodily injury).

Appellant and two co-conspirators robbed three individuals (Perrin, Sicard, and Floyd) inside a Chinese food store. Appellant and his co-conspirators took $250 and an iPhone from Sicard and an iPhone from Perrin. When a fight broke out during the robbery, one of Appellant's co-conspirators fled the store. However, Appellant and his remaining co-conspirator fired more than sixteen shots inside the store, striking Perrin six times and nearly killing him. Both Sicard and Floyd were also shot. In light of these circumstances, we cannot conclude that the aggregate sentence was clearly unreasonable or excessive.

Lastly, we address the two issues raised by the Commonwealth.[10] First, the trial court stated its intent to merge the count for the aggravated assault of Perrin into the sentence for the attempted murder of Perrin. *See* N.T., 7/1/17, at 21-22. The written sentencing order, however, states that the court imposed a concurrent ten-to-twenty year sentence on the count of aggravated assault as to Perrin. Merger implicates the legality of a sentence and may be addressed by this Court *sua sponte*. *Commonwealth v. Kelly*, 78 A.3d 1136, 1146 (Pa. Super. 2013). Aggravated assault is a lesser-included offense of attempted murder, and it merges for sentencing purposes when it is premised on the same act. *Commonwealth v. Hilliard*, 172 A.3d 5, 13 (Pa. Super. 2017) (citing *Commonwealth v. Anderson*, 650 A.2d 20, 24 (Pa. 1994)). Accordingly, because the charges of aggravated assault and

---

[10] We appreciate the Commonwealth's candor, as the appellee, in raising possible sentencing issues to this Court's attention, notwithstanding the fact that Appellant did not raise these claims.

- 11 -

attempted murder committed against Perrin stemmed from the same act, those crimes merge for sentencing purposes. Therefore, we vacate the ten-to-twenty year sentence for aggravated assault as to Perrin.

Second, the Commonwealth notes that the trial court improperly applied the DWE-used guidelines to the VUFA 6106 and VUFA 6108 convictions in 8435-2013. We agree. The Sentencing Guidelines provide that "[t]here shall be no Deadly Weapon Enhancement for . . . [v]iolations of the Pennsylvania Uniform Firearms Act." 204 Pa. Code § 303.10(a)(3)(viii). Therefore, we accept the Commonwealth's invitation to vacate the VUFA sentences for VUFA 6106 and VUFA 6108.[11]

---

[11] There is no indication that the trial court applied the DWE-used matrix to the separate charge of VUFA 6105 in 8752-2013. Unlike the VUFA counts in 8435-2013, which were related to other crimes involving the use of a deadly weapon, the VUFA 6105 was the sole count in 8752-2013. Moreover, the court's sentence of 2½ to 5 years imprisonment for VUFA 6105 was below the mitigated range sentence suggested by the basic sentencing matrix.

We acknowledge that Appellant's 2½-to-5-year sentence for VUFA 6106 fell far below the mitigated range sentence called for by the DWE-used matrix, and approximately six months below a mitigated range sentence under the standard matrix. Nevertheless, because the trial court purported to apply the DWE-used matrix to this offense, its application of the Sentencing Guidelines may be deemed a basis for vacating a sentence. *See* 42 Pa.C.S. § 9781(c)(1) ("The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds . . . the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously").

We acknowledge that although a misapplication of the Sentencing Guideline constitutes "legal error," it does not constitute a non-waivable challenge to the "legality of sentence" warranting *sua sponte* review. **See Commonwealth v. Archer**, 722 A.2d 203, 209 (Pa. Super. 1998) (*en banc*).

In sum, we conclude that Appellant's sentencing claims are meritless. However, the concurrent sentence for aggravated assault as to Perrin and the concurrent sentences for VUFA 6106 and 6108 in 8435-2013 should be vacated. Because vacating these sentences does not affect the trial court's overall sentencing scheme, there is no need to remand for resentencing.

Judgment of sentence affirmed in part. The sentences for aggravated assault as to Perrin, VUFA 6106, and VUFA 6108 in 8435-2013 are vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/18

---

Here, however, the Commonwealth has called our attention to the error, and we have considered it in this appeal for the reasons set forth above.