J. A03015/16

2016 PA Super 102

COMMONWEALTH OF PENNSYLVANIA, :  IN THE SUPERIOR COURT OF
 :    PENNSYLVANIA
 :
 :
 :
     v.    :
 :
JERMAINE LANCIT    :
    Appellant   :  No. 2238 EDA 2014

Appeal from the Order Entered July 31, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No.: MC-51-CR-0035498-2013

BEFORE: GANTMAN, P.J., MUNDY,J., and DUBOW, J.

OPINION BY DUBOW, J.:        **FILED MAY 18, 2016**

Appellant, Jermaine Lancit, appeals from the order entered July 31, 2014, in the Philadelphia Court of Common Pleas, denying his Petition for Writ of Certiorari. After careful review, we agree that the Law of the Case Doctrine barred a judge of the Court of Common Pleas, acting in an appellate capacity, from granting a Writ of *Certiorari* to overrule another judge of coequal jurisdiction. We therefore affirm.

The trial court stated the relevant facts and procedural history as follows:

> On December 18, 2013, the Honorable Felice Stack of the Municipal Court granted a Motion to Suppress in this matter for lack of reasonable suspicion and probable cause to pat down the Defendant. On January 17, 2014, the Commonwealth appealed Judge Stack's decision, submitting that the findings were "in clear error." On March 28, 2014, the Honorable Joan Brown of the Court of Common Pleas granted the Commonwealth's

appeal, finding the lower court's decision to be erroneous and reversed the Motion to Suppress. On April 14, 2014, the Defendant pled not guilty in front of the Honorable Robert Blasi and was found guilty following a stipulated trial on the facts. On the same day, the Defendant was sentenced to twelve (12) months of reporting probation.

The Defendant filed a Writ of Certiorari to the Court of Common Pleas on May 5, 2014, stating that Judge Brown erred in reversing the Municipal Court's suppression decision. [The Honorable Thomas Street, sitting in the Philadelphia Court of Common Pleas,] initially agreed with the Municipal Court thereby granting the Writ of Certiorari and reversing Judge Brown's previous decision on July 8, 2014. On July 10, 2014, the Commonwealth filed a Motion to Reconsider the Order granting the Defendant's Writ of Certiorari [to which the Defendant responded]. On July 31, 2014, [Judge Street] granted the Commonwealth's Motion to Reconsider and vacated [the] prior order that granted the Defendant's Writ of Certiorari.

Supplemental Pa.R.A.P. 1925(a) Opinion, dated 5/8/15, at 1-2.

On August 1, 2014, Appellant filed a Notice of Appeal to this Court.

Appellant frames the issue on appeal as follows:

Was it not error for the Court of Common Pleas judge, sitting as a post-trial *en banc* court of review on [A]ppellant's petition for writ of *certiorari* to the Municipal Court of Philadelphia, to determine that it could not review a pre-trial suppression ruling made interlocutorily by a different judge of the same Court of Common Pleas?

Appellant's Brief at 3.[1]

---

[1] We expressly reject Appellant's unsubstantiated assertion that Judge Street acted with the powers of an *en banc* panel. Although Appellant is correct that an *en banc* panel is not barred from revisiting the ruling of a single member of the same court, Appellant does not cite any statute or case law vesting *en banc* power in a single judge sitting on the Court of Common Pleas hearing an appeal from Municipal Court.

Appellant's 1925(b) Statement and brief to this Court do not argue the merits of the underlying stop or ask this Court to review Judge Brown's ruling on the Motion to Suppress. Thus, the only issue properly before this Court is whether Judge Street had the authority to review Judge Brown's ruling on the Motion to Suppress. Accordingly, the issue before us pertains to the applicability of the Law of the Case Doctrine.

Whether the Law of the Case Doctrine precludes review in a given situation is a pure question of law. *Jones v. Rivera*, 866 A.2d 1148, 1150 (Pa. Super. 2005) (citing *Durante v. Pennsylvania State Police*, 809 A.2d 369, 371 (Pa. 2002). Therefore, our standard of review is *de novo*. *Id.*

Pennsylvania's well-established Law of the Case Doctrine bars a judge from revisiting rulings previously decided by another judge of the same court, absent exceptional circumstances. *Commonwealth v. Starr*, 664 A.2d 1326, 1333 (Pa. 1995). The Law of the Case Doctrine is an important tool of judicial efficiency that "serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation." *Zane v. Friends Hosp.*, 575 Pa. 236, 243, 836 A.2d 25, 29 (2003).

Three "related but distinct" rules comprise the Law of the Case Doctrine:

> (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the

> appellate court in the matter; (2) **upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court**; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.

***Starr, supra*** at 1331 (emphasis added) (citations omitted).

When a defendant who is convicted in Philadelphia Municipal Court files a Petition for a Writ of *Certiorari*, "the Philadelphia Court of Common Pleas sits as an appellate court." ***Commonwealth v. Coleman***, 19 A.3d 1111, 1118-19 (Pa. Super. 2011) (citations omitted).

Ignoring the **appellate** nature of the Court of Common Pleas in this case, Appellant urges us to recognize a pre-trial / post-trial distinction between the judges of the Court of Common Pleas in this case. He avers there is a well-established authority that post-trial courts can overrule pre-trial courts. He further argues that in the instant case, Judge Street sat as a post-trial appellate court with some extra-appellate power beyond that of Judge Brown as a pre-trial appellate court. Appellant's assertions are without foundation in law, and his argument – that Judge Brown's review of the case should be understood solely as a post-sentence review – is unpersuasive.

As our Supreme Court has made clear, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court. ***See Starr, supra*** at 1331. The procedural posture of this

- 4 -

case falls squarely within the Law of the Case Doctrine governing second appeals to the same appellate court. ***See Commonwealth v. Williams***, 125 A.3d 425, 431 (Pa. Super. 2015) (noting that, under the Law of the Case Doctrine, an appellant convicted in Municipal Court after his motion to suppress was denied by the Court of Common Pleas in an interlocutory appeal would be "legally **prohibited** from asking the [Court of Common Pleas] to overrule another judge of the [Court of Common Pleas].") (emphasis in original).

When Judge Stack, sitting in Municipal Court, granted Appellant's Motion to Suppress, the Commonwealth properly sought an appeal in the Court of Common Pleas. ***See*** Pa.R.Crim.P. 1005. Judge Brown, sitting in the Court of Common Pleas **in an appellate capacity**, then reversed the suppression order. Appellant was then tried and convicted back in Municipal Court. Appellant properly filed a Writ of *Certiorari* in the Court of Common Pleas, where Judge Street sat **in the same appellate capacity**. ***See*** Pa.R.Crim.P. 1006(1)(b) (giving the defendant the option of seeking either *certiorari* or a trial *de novo* in the Court of Common Pleas following a conviction in Municipal Court).

We find that Judge Street properly determined that Judge Brown "already acted in an appellate role . . . for purposes of the suppression motion" and that Judge Street was therefore "barred from reversing another

judge similarly seated when the issues and facts remain unchanged."

Supplemental Pa.R.A.P. 1925(a) Opinion, dated 5/8/15, at 7.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2016