J-A05026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MALIK H. NOEL | : | |
| | : | |
| Appellant | : | No. 568 EDA 2017 |

Appeal from the Judgment of Sentence December 2, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006259-2013,
MC-51-CR-0006441-2013

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 13, 2018**

Malik H. Noel (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on public streets or public property in Philadelphia.[1]  We affirm.

The pertinent facts and procedural history are as follows:  On February 14, 2013, Philadelphia Police Sergeant William Schmid received three separate radio reports relaying anonymous tips of a black male with a gun in the area of the 3000 block of North 22nd Street in Philadelphia.  The reports

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108.

---

*   Former Justice specially assigned to the Superior Court.

indicated that the male was wearing a white thermal shirt, and that he had entered a barbershop.

Upon arriving on the 3000 block, Sergeant Schmid and his partner entered a hair salon to ask whether anyone had made the reports of a male with a gun. A female responded that they did not, but informed the officers that there was a barbershop on the upstairs floor of the building. The officers left the hair salon and proceeded to the barbershop. Upon entering, they observed two barbers attending to clients. The officers asked whether anyone had reported a male with a gun, and received no response. Sergeant Schmid then observed Appellant seated in a barber chair and wearing a black barber's cape. Appellant's arms, which were not covered by the barber's cape, revealed that he was wearing a white thermal shirt. When Sergeant Schmid observed Appellant move his left hand under the cape, the sergeant approached Appellant, asked to see his hand, and removed the cape. Appellant then leaned forward, and Sergeant Schmid saw the outline of a very large handgun protruding from Appellant's waistband. Sergeant Schmid recovered the gun and arrested Appellant.

The Commonwealth charged Appellant with the aforementioned firearms offenses. Appellant presented a suppression motion which,

following a hearing on March 13, 2014, the trial court granted.[2]  Thereafter, the Commonwealth filed an interlocutory notice of appeal with this Court, certifying that the suppression order had terminated or substantially handicapped the prosecution.  **See** Pa.R.A.P. 311(d).  On June 17, 2015, a panel of this Court reversed the order granting the suppression motion, and remanded the case to the trial court.  **Commonwealth v. Noel**, 122 A.3d 1134 (Pa. Super. 2015) (unpublished memorandum).  Following a non-jury trial, the trial court on January 12, 2016 found Appellant guilty of the aforementioned firearms offenses.  On December 2, 2016, the trial court sentenced Appellant to an aggregate five years and one day to 17 years of imprisonment.

On January 5, 2017, Appellant filed a petition seeking reinstatement of his direct appeal rights, which the trial court granted on January 27, 2017. Appellant filed a notice of appeal on February 9, 2017.  Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following two issues for our review:

1. Was Sgt. Schmid's **Terry** frisk of [A]ppellant unlawful?

2. Should the firearm seized from [A]ppellant by Sgt. Schmid be suppressed as fruit of the poisonous tree?

---

[2] No written suppression motion or trial court order granting the motion appears in the record.  However, on March 13, 2014, Appellant orally moved to suppress the firearm and the trial court granted the suppression motion on the record.  N.T., 3/13/14, at 5, 63-64; **see also Commonwealth v. Noel**, 122 A.3d 1134 (Pa. Super. 2015) (unpublished memorandum at 3-4).

Appellant's Brief at 5.

In both of his issues, Appellant argues that the firearm should have been suppressed as the product of an unlawful search and seizure. Appellant's Brief at 10-12. Notably, Appellant "concedes that the present panel of the Superior Court cannot overrule the previous panel." *Id.* at 9. Nevertheless, Appellant asserts that no reasonable and articulable basis existed to justify Sergeant Schmid's actions, and that the firearm should have been suppressed as the product of an unlawful search and seizure and subsequent fruit of the poisonous tree. *Id.* at 10-12.

Upon review, we find that we are precluded from reviewing Appellant's claims by the Law of the Case Doctrine. As noted above, this Court previously held that under the totality of the circumstances, suppression of the firearm was improper because Sergeant Schmid articulated specific facts which gave rise to reasonable suspicion and justified Sergeant Schmid's actions in recovering the firearm.

"Whether the Law of the Case Doctrine precludes review in a given situation is a pure question of law. Therefore, our standard of review is *de novo.*" *Commonwealth v. Lancit*, 139 A.3d 204, 206 (Pa. Super. 2016), *appeal denied sub nom., Commonwealth v. Lancit*, 164 A.3d 465 (Pa. 2016) (internal citations omitted). "The Law of the Case Doctrine is an important tool of judicial efficiency that 'serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain

- 4 -

consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation.'" *Id.* at 206-207.

Our Supreme Court has explained:

[T]he "law of the case" doctrine . . . refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter. Among the related but distinct rules which make up the law of the case doctrine are that . . . ***upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court*** . . .

The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy (as does the coordinate jurisdiction rule) but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (emphasis added) (internal citations omitted).

Accordingly, we are bound by this Court's prior holding that suppression was improper because the firearm was not the product of an unlawful search and seizure. We recognize that a prior decision may be departed from in "exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Commonwealth v. Santiago*, 822 A.2d 716, 724 (Pa. Super.

- 5 -

2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004), *cert. denied*, 542 U.S. 942 (2004). Here, however, Appellant has not alleged, nor do we find, that any of the exceptions to the Law of the Case Doctrine apply. Appellant merely reiterates his claim that "no evidence exists upon which the *Terry* search of [A]ppellant could be justified" – an argument that this Court already rejected. Appellant's Brief at 11; *Noel*, *supra*. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:2/13/18