J-S46010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OMAR A. RAHMAN | : | |
| | : | |
| Appellant | : | No. 2550 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 17, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012018-2013

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

JUDGMENT ORDER BY PANELLA, P.J.:          **FILED NOVEMBER 27, 2019**

Appellant, Omar A. Rahman, appeals *pro se* from the judgment of sentence imposed following his jury conviction of two counts of robbery and related offenses.[1] This is a companion case to **Commonwealth v. Rahman**, No. 3556 EDA 2017, 2019 WL 2745540 (Pa. Super. filed July 1, 2019), in which a previous panel of this Court affirmed judgment of sentence for four other related convictions, all involving virtually identical robberies at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Rahman purports to appeal from the denial of post-sentence motions.  An appeal is properly taken from the judgment of sentence as made final by the denial of post-sentence motions.  **See Commonwealth v. Rojas**, 874 A.2d 638, 643 (Pa. Super. 2004). We have amended the caption accordingly.

gunpoint.[2] Rahman's appeal was eventually dismissed for failure to file a brief. *See* Order, 4/02/19.

Rahman promptly filed an application for reinstatement of appeal and a request that this Court accept his previously filed but premature brief, covering all of the related convictions, dated November 7, 2018. This Court, *per curiam*, vacated the order of dismissal, and reinstated Rahman's appeal. *See* Order, 4/23/19.

However, the order expressly "DENIED" his request that this Court accept his November 7, 2018 brief. *Id.* at 2 (emphasis in original). Instead, the order gave Rahman thirty days from the date of the order to file a "*new brief* at this docket number." *Id.* (emphasis added). The rejection of the original brief was premised upon the fact that, in addition to being filed before this Court established a briefing schedule, Rahman had filed the brief *before* the trial court issued its opinion. *Id.* The order further provided that "[f]ailure to file a brief within thirty (30) days shall result in re-dismissal of this appeal, without warning." *Id.*

Rather than file a new brief as directed, Rahman re-filed the identical brief he had previously submitted, except for crossing out the other case numbers. *See* Appellant's Brief. Rahman's near-immediate resubmission of

_____

[2] The other four cases are docketed at 3556 EDA 2017, 3588 EDA 2017, 3589 EDA 2017, and 3748 EDA 2017, respectively. We note that in the final robbery Appellant was apprehended in the act by two police officers in an unmarked vehicle.

the same brief, in plain disregard of the order directing a new brief, is a substantial deviation from the express requirement of the order.

Further, Rahman's re-filed brief represents more than a mere technical violation. It contains arguments against his convictions at the docket numbers addressed in the companion case filed July 1, 2019. In fact, all but one of the issues he raises address convictions not at issue in this appeal.[3] It merits re-dismissal of this appeal, as the order provided. **See** Order, 4/23/19; **see also** Pa.R.A.P. 2101 (providing that if defects in a brief are substantial, appeal may be quashed or dismissed). While we will liberally construe materials filed by a *pro se* litigant, Rahman is not entitled to any particular advantage due to his lack of legal training. **See Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

Appeal dismissed.

---

[3] The remaining issue, if we were to reach it, is clearly meritless, as Rahman has not established that he suffered more than *de minimus* prejudice from any challenged portion of Detective Valentine's testimony. **See Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa. Super. 2015). The other issues were addressed in Rahman's appeal docketed at 3556 EDA 2017. We have no power to reach a conclusion contrary to the resolution of that appeal. **See Commonwealth v. Lancit**, 139 A.3d 204, 207 (Pa. Super. 2016).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/27/2019*