J-S19005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                                        :

v.                                   :

                                          :

JAMAL TOMPSON,                      :

                                        :

                 Appellant         :       No. 2126 EDA 2018

Appeal from the Order Entered June 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0027207-2013

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                       **FILED JUNE 08, 2020**

Jamal Tompson appeals from the order that denied his writ of *certiorari*, thereby affirming the judgment of sentence entered in the Philadelphia municipal court following revocation of his probation. In this Court, Appellant's counsel, James Lloyd, Esquire, has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We deny counsel's petition without prejudice to re-file it in the Philadelphia Court of Common Pleas, vacate the order denying the writ, and remand for further proceedings consistent with this memorandum.

In 2013, Appellant was sentenced to probation in municipal court after pleading guilty to a violation of the Uniform Firearms Act ("VUFA"), which was a first-degree misdemeanor. Appellant violated the terms of his probation on

several occasions, most recently resulting in the municipal court's imposing a revocation-of-probation sentence of two to four years of incarceration. Appellant's counsel filed a motion for reconsideration of sentence, which was not decided before he filed a notice of appeal to this Court. In this Court, counsel filed an *Anders* brief along with an application to withdraw.

Since the Philadelphia court of common pleas has appellate jurisdiction over the municipal court through a writ of *certiorari*, this Court issued a judgment order transferring the appeal to the common pleas court pursuant to Pa.R.A.P. 751. *See* Judgment Order (957 EDA 2017), 3/29/18, at 2. This Court further stated that counsel's *Anders* brief was premature and denied counsel's petition to withdraw. *Id*.

Upon transfer to the common pleas court, the parties filed no new petitions or briefs. At a hearing on the petition for writ of *certiorari*, counsel stated as follows to the court:

> So, procedurally we are here, and I have already filed my brief, and so I'm in a little bit of non-position. I'm here for Mr. Tompson.
>
> There are no arguments that I can ethically advance, but I will incorporate the *Anders* brief that I filed with the Superior Court as procedural history, and it does have my analysis of the issues.
>
> The short version is, the maximum you could get for [Appellant's VUFA conviction] graded as M_1 is five years [of] incarceration.
>
> He was originally given probation. He violated. He was given two to four months incarceration followed by probation.

> He violated again and he was given more probation. Then he violated again, and he was given two to four years.
>
> When you add up all his incarcerations, it's still less than the five-year maximum and he was given credit.

N.T. Hearing, 6/18/18, at 4-5. Of import, there is no indication in the record that counsel pursued his petition to withdraw simultaneously with arguing his *Anders* brief, that the common pleas court considered such a request to be pending before it, or that Appellant was presented with the opportunity to argue his position *pro se* or with newly-retained counsel.

The court denied the writ, and counsel timely filed a new appeal to this Court, a petition to withdraw in this Court, and an *Anders* brief. However, the procedural irregularities highlighted above lead us to conclude that, rather than address counsel's filings in this Court, we must remand to the common pleas court for counsel and the court to comply with the dictates of *Anders*.

Concerning the rights of a defendant and the duties of counsel on direct appeal, this Court has explained as follows:

> It is axiomatic that indigent defendants have a constitutional right to have counsel appointed to assist them in pursuing a direct appeal. However, all attorneys, whether appointed or paid, have an ethical obligation to refuse to prosecute a frivolous appeal. When appointed counsel is asked to pursue an appeal that he or she, after conscientious examination, deems to be wholly frivolous, counsel must seek to withdraw from representation on appeal by using the procedure outlined [in *Anders* and *Santiago*]. The procedure includes, *inter alia*, informing the court and the client of counsel's conclusion that the appeal is wholly frivolous, which then allows the client to advance his or her own arguments *pro se*.

*Commonwealth v. Morrison*, 173 A.3d 286, 291 (Pa.Super. 2017) (cleaned up). *See also Santiago*, *supra* at 354 (providing that the *Anders* procedure applies "when a court-appointed lawyer seeks to withdraw from representation on appeal").

Since Appellant was sentenced in the municipal court, the court of common pleas was the initial appellate court in pursuing Appellant's direct appeal. *See Commonwealth v. Lancit*, 139 A.3d 204, 207 (Pa.Super. 2016) ("When a defendant who is convicted in Philadelphia Municipal Court files a Petition for a Writ of *Certiorari,* 'the Philadelphia Court of Common Pleas sits as an appellate court.'"). *See also Commonwealth v. Coleman*, 19 A.3d 1111, 1119 (Pa.Super. 2011) (citing *Commonwealth v. Frazier*, 471 A.2d 866 (Pa.Super. 1984) (indicating that a writ of *certiorari* has "the quality of a true appeal"); *Commonwealth v. Dincel*, 457 A.2d 1278 (Pa.Super. 1983) (stating that on writ of *certiorari*, the court of common pleas operates as an appellate court)).

Here, after the appeal was transferred to the common pleas court in its role as an appellate court, counsel relied on the *Anders* brief originally filed in this Court, but did not request to withdraw from representation. Rather, he argued against Appellant's position without insuring that Appellant was afforded notice of his right to advance his arguments *pro se* or with private replacement counsel in the common pleas court. Such a deviation from the requirements of the paradigm cannot stand.

Pursuant to Pa.R.A.P. 751, this Court's earlier judgment order transferring the case to the common pleas court transferred the entire case and record, including the **Anders** brief and request to withdraw, to the proper court. **See** Pa.R.A.P. 751(a).[1] However, this Court also contemporaneously denied counsel's application to withdraw without indicating whether it was without prejudice to counsel's ability to present it in the common pleas court. The judgment order was not a model of clarity, and we do not fault counsel or the common pleas court for failing to recognize its full import. Nonetheless, we must assure that Appellant's rights are respected and vindicated.

Accordingly, we deny counsel's petition to withdraw. We also vacate the order that denied Appellant's writ of *certiorari* based upon a hearing at which counsel argued his **Anders** brief without simultaneously seeking to withdraw. We further remand to the common pleas court for counsel to re-file his **Anders** brief **and a petition to withdraw**, and for the common pleas

_____

[1] Pa.R.A.P. 751(a) section provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

court to comply with the dictates of *Anders* and its progeny in ruling upon counsel's petition and the writ of *certiorari*.[2]

Order vacated. Petition of James Lloyd, Esquire, to withdraw denied without prejudice. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

_____

[2] Specifically:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of [the appellate court's] attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, [the appellate court] will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, [the appellate court] will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). We have described the appellate court's independent review as a "simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/20