J-S06039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUSTIN NEFF | : | |
| | : | |
| Appellant | : | No. 1768 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 20, 2021
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0001520-2018

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED MAY 25, 2022**

Appellant, Justin Neff, appeals from the judgment of sentence entered in the Carbon County Court of Common Pleas, following his guilty plea to driving under the influence of a controlled substance ("DUI") and driving under a suspended license—DUI related. For the following reasons, we vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On September 12, 2018, the Commonwealth charged Appellant with two counts of DUI, and one count each of driving under a suspended license and careless driving,[1] stemming from a motor vehicle accident that occurred in May 2018. On March 19, 2019, Appellant entered an open guilty plea before the

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(1), 3802(d)(2), 1543(b)(1.1)(i), and 3714(a) respectively.

Honorable Roger N. Nanovic, to one count of DUI and one count of driving under a suspended license. The Commonwealth dismissed the remaining charges, and the court ordered that an intermediate punishment ("IPP") evaluation be performed prior to sentencing.

The case was called for sentencing on July 18, 2019, before the Honorable Steven R. Serfass. At the start of the hearing, defense counsel informed the court that Appellant was seeking to withdraw his guilty plea, explaining that Appellant "had thought he would be eligible for IPP. He made application. He was not. [Appellant] is prepared to go to trial."[2] (N.T. Hearing, 7/18/19, at 2). The Commonwealth indicated that it did not oppose Appellant's motion seeking to withdraw the plea on the grounds alleged and because sentencing had not yet taken place. (*Id.*) The court then stated: "All right. Then based upon that, we will have the matter listed for trial. We will have this placed on the call for the 30th of July." (*Id.*)

On July 29, 2019, the trial court entered the following order attaching the matter for the call of the list, jury selection, and trial:

> AND NOW, to wit, this 29th day of July, 2019, this matter having been called for sentencing before the undersigned on July 18, 2019, and [Appellant] having notified the Court that he desires to withdraw his guilty plea and proceed to trial, it is hereby ORDERED and DECREED that the above-captioned case is scheduled for Call of the List on July 30, 2019, at 9:00 a.m. in Courtroom No. 1, Carbon County Courthouse, Jim Thorpe, Pennsylvania, and Jury Selection

---

[2] Appellant did not file a written motion to withdraw the guilty plea; counsel just moved to withdraw the plea orally at the time scheduled for sentencing.

and Trial on August 5, 2019, at 10:00 a.m. in Courtroom No. 3, Carbon County Courthouse, Jim Thorpe, Pennsylvania.

Counsel and [Appellant] are attached for both the Call of the List and Jury Selection and Trial.

(Order, dated 7/29/19). Although no formal order granting Appellant's motion to withdraw appears in the record, the July 29, 2019 order is listed on the certified docket entries as "Order Granting Motion to Withdraw Guilty Plea." (Docket, Case No. CR-1520-2018).

Subsequently, the parties engaged in additional plea negotiations which were ultimately unsuccessful. On January 5, 2021, the court entered an order scheduling the case for the call of the list for January 25, 2021. Although not memorialized in an order, the parties agree that at some point prior to the call of the list, Judge Nanovic reviewed the case and decided that Appellant's March 19, 2019 guilty plea had never been formally withdrawn. Consequently, the court scheduled the matter for sentencing based on the March 19, 2019 plea.

On January 25, 2021, Appellant filed a motion seeking leave to withdraw the plea. The court conducted a hearing on March 1, 2021. At the hearing, the court found Appellant did not establish a fair and just reason for the withdrawal of his plea because he did not present a plausible, credible, and believable claim of innocence. On March 2, 2021, the court formally denied Appellant's motion.

On May 20, 2021, the trial court sentenced Appellant to one to five years

of incarceration plus a $2,500 fine for DUI, and 90 days of incarceration plus a $1,000 fine for driving under a suspended license. Appellant timely filed a post-sentence motion on May 28, 2021, claiming that the sentence imposed pursuant to 75 Pa.C.S.A. § 1543(b)(1.1)(i), for driving under a suspended license was unconstitutional pursuant to **Commonwealth v. Eid**, ___ Pa. ___, 249 A.3d 1030 (2021) (holding that Section 1543(b)(1.1)(i) is unconstitutionally vague because it fails to specify maximum term of imprisonment). Appellant subsequently filed a supplemental post-sentence motion, asserting that the transcripts made clear that Judge Serfass had granted Appellant's request to withdraw his March 19, 2019 plea and therefore, there was no finding of guilt on which to base his sentence. On August 27, 2021, the court granted Appellant's first post-sentence motion, and vacated the incarceration portion of his driving under a suspended license sentence. Nevertheless, the court denied Appellant's supplemental post-sentence motion.

On September 2, 2021, Appellant filed a timely notice of appeal. The next day, the court entered an order directing Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant timely complied on September 10, 2021.

Appellant raises two issues on appeal.

> Whether the [t]rial [c]ourt erred by finding that [Appellant] did not withdraw his guilty plea when he appeared for sentencing on July 18, 2019?

- 4 -

> Whether the [t]rial [c]ourt erred by denying [Appellant's] motion to withdraw his guilty plea because it found that he did not provide a plausible claim of innocence?

(Appellant's Brief at 4).

Preliminarily, in connection with Appellant's first issue on appeal, we must consider whether the law of the case doctrine applies in this case such that it prohibited the court from reconsidering the withdrawal of Appellant's March 19, 2019 plea. Because this raises a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Vigilone***, 842 A.2d 454, 464 (Pa.Super. 2004) (*en banc*); ***Commonwealth v. Lancit***, 139 A.3d 204 (Pa.Super. 2016), *appeal denied*, 640 Pa. 543, 164 A.3d 465 (2016).

"Pennsylvania's well-established Law of the Case Doctrine bars a judge from revisiting rulings previously decided by another judge of the same court, absent exceptional circumstances." ***Lancit, supra*** at 206-07 (citing ***Commonwealth v. Starr***, 541 Pa. 564, 664 A.2d 1326 (1995)). The law of the case doctrine consists of three related but distinct rules which serve to promote the goals of judicial economy, protecting the settled expectations of the parties, insuring uniformity of decisions, maintaining consistency during a single case, and effectuating proper and streamlined administration of justice. ***Starr, supra*** at 574, 664 A.2d at 1331.

The "coordinate jurisdiction rule falls squarely within the ambit of a generalized expression of the 'law of the case' doctrine." ***Id.*** This rule

provides that "judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions." **Starr, supra** at 573, 664 A.2d at 1331 (citation omitted). This rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." **Id.** Our Supreme Court has explained that the coordinate jurisdiction rule is "of paramount importance in the context of a criminal proceeding." **Id.** at 575, 664 A.2d at 1331. Departure from the coordinate jurisdiction rule is allowed only in exceptional circumstances. **See id.** at 576, 664 A.2d at 1332.

Instantly, Appellant originally entered a guilty plea on March 19, 2019. When his case was scheduled for sentencing on July 18, 2019, Appellant made an oral motion to withdraw his plea based on his ineligibility for IPP. The Commonwealth stated it did not oppose Appellant's request to withdraw the plea. Consequently, the trial court stated "Alright" and then proceeded to place the case on the call of the list and schedule it for trial. (**See** N.T. Hearing, 7/18/19, at 2-3). Thereafter, the court issued an order on July 29, 2019 scheduling the case for trial. (Order, 7/29/19). The docket entries listed the July 29, 2019 order as "Order Granting Motion to Withdraw Guilty Plea."

For over two years following the July 18, 2019 hearing, Appellant's case proceeded forward with the parties and the court both acting as if the plea had been withdrawn. Significantly, no actions were undertaken by either party or the court that would indicate there was any doubt as to whether the March 2019 plea had been withdrawn.

Under these circumstances, the record demonstrates that Judge Serfass granted Appellant's oral motion to withdraw his plea on the record at the July 18, 2019 hearing, which is consistent with the court's later July 29, 2019 order scheduling the case for trial and the docket entries for that date. Therefore, the coordinate jurisdiction rule precluded Judge Nanovic from sentencing Appellant on the March 19, 2019 guilty plea which had already been withdrawn. *See Starr, supra*; *Lancit, supra*.

Accordingly, we vacate the judgment of sentence and remand for further proceedings. Upon remand, we direct the trial court to issue an order specifically noting that based upon the court's actions at the July 18, 2019 hearing, Appellant's March 19, 2019 guilty plea was withdrawn. The case may then proceed to trial, or to a hearing for entry of another guilty plea if Appellant decides to plead guilty.[3]

Judgment of sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction is relinquished.

---

[3] Based on our disposition, we need not address Appellant's second issue on appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/25/2022</u>