J-A17002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTWYNE REID | : | No. 1940 EDA 2021 |

Appeal from the Order Entered August 26, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000650-2020

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 25, 2022**

The Commonwealth brings this appeal seeking to overturn the trial court's decision to quash, due to failure to establish a *prima facie* case, all criminal charges filed against Antwyne Reid. We affirm.

On March 8, 2019, Philadelphia Police executed a search warrant at 105 North Edgewood Street as part of an investigation of Tyriq Goodwin ("Tyriq"). Tyriq lived at the residence with his mother, Keoshia Goodwin ("Goodwin"), and his sister. During the search, authorities recovered crack cocaine, drug paraphernalia and a firearm. Detectives also found items belonging to Reid, including an expired and a current identification card, a debit card, mail, and a 2018 auto service receipt for a vehicle that Reid had previously owned.

_____

[*] Retired Senior Judge assigned to the Superior Court.

However, the items belonging to Reid indicated addresses at another street in Philadelphia, Callowhill Street.

On March 16, 2019, Reid was arrested and charged with possession with intent to deliver ("PWID"), conspiracy, possession of firearm by a prohibited person, and intentional possession of a controlled substance by a person not registered. At the conclusion of a preliminary hearing on August 8, 2019, all charges were dismissed.

The Commonwealth then filed a notice of intent to refile the charges. At the conclusion of a hearing on January 23, 2020, the municipal court granted the Commonwealth's motion to refile all charges. Thereafter, Reid filed, in the Court of Common Pleas, an omnibus pretrial motion to quash, claiming the Commonwealth failed to establish a *prima facie* case. After a hearing on August 26, 2021, the trial court granted the motion to quash all charges. The Commonwealth filed this timely appeal.[1]

The Commonwealth first argues that the trial court erred in quashing the charges. **See** Commonwealth's Brief at 13-23. The Commonwealth asserts that it presented sufficient evidence to establish that Reid constructively possessed the firearm and drugs, thereby presenting a *prima facie* case sufficient to hold the charges for trial. The Commonwealth contends that the

---

[1] Pursuant to Pa.R.A.P. 311(d), in its notice of appeal the Commonwealth certified that the trial court's order terminates or substantially handicaps the prosecution.

trial court failed to view the evidence in the light most favorable to the Commonwealth. Further, the Commonwealth suggests the trial court utilized an improper standard in considering whether the Commonwealth established a *prima facie* case. Upon careful review, we conclude the trial court properly quashed the charges.

"It is well-settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." ***Commonwealth v. Hilliard***, 172 A.3d 5, 12 (Pa. Super. 2017) (citation and internal quotation marks omitted). "[T]he trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime." ***Commonwealth v. Karetny***, 880 A.2d 505, 513 (Pa. 2005). Therefore, we are not bound by the legal determinations of the trial court and our standard of review is *de novo*. ***Id***.

Our Supreme Court described the Commonwealth's burden as follows:

At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and **establishes probable cause to warrant the belief that the accused committed the offense**. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

*Karetny*, 880 A.2d at 513-14 (citations omitted) (emphasis added). However, "suspicion and conjecture are not evidence and are unacceptable as such." *Commonwealth v. Holston*, 211 A.3d 1264, 1269 (Pa. Super. 2019) (*en banc*).

Here, the Commonwealth charged Reid with the crimes of intentional possession of a controlled substance, PWID, and possession of a firearm by a prohibited person. To find a defendant guilty of PWID, 35 P.S. § 780-113(a)(30), the Commonwealth must prove that the defendant possessed a controlled substance and did so with the intent to deliver it. *See Commonwealth v. Perez*, 931 A.2d 703, 707 (Pa. Super. 2007). Similarly, to sustain a conviction for intentional possession of a controlled substance, 35 P.S. § 780-113(a)(16), the Commonwealth must prove that the defendant knowingly and intentionally possessed the controlled substance. And possession of a firearm is likewise an essential element of the offense of possession of a firearm by a prohibited person. *See* 18 Pa.C.S.A. § 6105(a)(1); *Commonwealth v. Antidormi*, 84 A.3d 736, 757 (Pa. Super. 2014).

All three crimes require the Commonwealth to establish probable cause that Reid "possessed" the contraband. The Crimes Code defines the term "possession" as "an act, within the meaning of this section, if the possessor knowingly procured or received the thing possessed or was aware of his

control thereof for a sufficient period to have been able to terminate his possession." 18 Pa.C.S.A. § 301(c).

To establish the element of possession, this Court has explained that "[p]ossession can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted). It is undisputed that Reid was not in actual possession of the drugs or the firearm. Rather, the contraband was discovered during the execution of a search warrant in a home that was not Reid's residence. It is further undisputed that Reid was not present during the execution of the search warrant.

We previously have determined:

> Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the **defendant has the power to control the contraband and the intent to exercise that control**. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

***Parrish***, 191 A.3d at 36–37 (internal citations and quotations omitted) (emphasis added).

In addition, the power and intent to control contraband does not need to be exclusive to a defendant to find constructive possession. Our Supreme Court has recognized that "constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." ***Commonwealth v. Johnson***, 26 A.3d 1078, 1094 (Pa. 2011) (citation and brackets omitted).

We first consider whether the trial court properly quashed both drug charges. The trial court addressed the evidence that the Commonwealth contends established Reid's possession of the drugs as follows:

> [T]here is no evidence that was brought forth that [Reid] had constructive possession over the drugs that were found … in the front room of Ms. Goodwin's residence. [The] Commonwealth tries to prove constructive possession by arguing that the IDs, an old auto service receipt, and mail is enough to suggest that [Reid] has had constructive possession of the drugs that were found. N.T. 08/26/2021 at 56-61. However, there are inconsistencies as to where the drugs are actually located. N.T. 08/26/2021 at 22-26. Detective Opalski claimed that the items were recovered in a Sterlite drawer; however, Detective Wyche claimed the items that were recovered from the property were found under the bed in a gray safe box.
>
> Furthermore, just because [Reid's] expired IDs and mail may have been present with the drug … it is not enough to suggest that he has possession over the drugs because mere association is not enough. … Additionally, … the lack of nexus to [Reid], and the drugs found at [Goodwin's] residence would force the jury to speculate because (1) Commonwealth did not provide any evidence of [Reid] living at the residence where the items were found; (2) there is no evidence pointing to [Reid's] whereabouts in 2019, the year of the search warrant; and (3) the initial warrant was for [Tyriq]. … [The] Commonwealth cannot prove a *prima facie* case against [Reid] for possession of a controlled substance nor PWID because [it] cannot prove possession through the "mere

'association,' 'suspicion' or 'conjecture'" of [Reid's] items being found at a residence that is not his.

Trial Court Opinion, 11/19/21, at 9-10.

We agree with the trial court's reasoning. Upon review, we conclude there was no evidence to suggest that Reid had the requisite power to control the drugs and the intent to exercise that control. Of particular concern is the dearth of evidence indicating that Reid was ever present in the residence while the narcotics were present. Rather than present such evidence, the Commonwealth relies upon the presence of random items belonging to Reid being at the residence. Importantly, none of the items containing Reid's name reflect a connection to the residence in question.[2] Moreover, there was no evidence to suggest that Reid had joint control and equal access to the drugs. Accordingly, the lack of evidence to establish a nexus between Reid and the residence requires us to conclude, as did the trial court, that a *prima facie* case was not established regarding both drug charges.

We next address whether the trial court properly quashed the firearm violation charge. The trial court addressed the evidence that the Commonwealth claims established Reid's constructive possession of the gun as follows:

[T]he Commonwealth could not prove that [Reid] had constructive possession over the gun. Firstly, Commonwealth has shown no

---

[2] As the trial court aptly states, "[Reid's] possessions that were found at the residence had [Reid's] address of his residence on Callowhill Street in the City of Philadelphia." Trial Court Opinion, 11/19/21, at 2-3 (citation omitted).

evidence of who is the actual owner of the gun. Secondly, the only argument of constructive possession that the Commonwealth has is [Reid's] identification and mail being found at the residence. N.T. 08/26/2021 at 56-59. However, [Reid's] possessions having "mere association" within [Goodwin's] residence is not enough because it does not show a true nexus to the gun. Further, it is clear that [Reid] does not reside at the residence that the gun was found. The Commonwealth leaning on expired IDs and other items would lead the finder of fact to speculate the true nexus between [Reid], and the gun found. Thus, because Commonwealth cannot show that [Reid] had conscious dominion and control over a gun at [another person's] residence, and because there is no evidence even to suggest that it is his gun, the Commonwealth could not prove a *prima facie* case for this charge.

Trial Court Opinion, 11/19/21, at 12-13.

We agree with the reasoning presented by the trial court. The Commonwealth failed to establish constructive possession of the gun, as required to put forth a *prima facie* case. In short, the Commonwealth presented no evidence that Reid had the power to control the gun that was discovered at a home that was not his own. Interestingly, Detective Damian Wyche offered testimony at the preliminary hearing indicating that the firearm was discovered in a little safe. **See** N.T., 8/8/19, at 35-36. However, he explained that the safe was unlocked and that the key was in the locking mechanism. **See id**. This fact indicates that control of and access to the firearm was not exclusive to the person possessing the key. Moreover, while the discovery at the home of items belonging to Reid may appear curious, the items' mere presence, without more, would require mere conjecture to find that Reid constructively possessed the firearm.

In addition to the three possessory crimes, Reid was charged with conspiracy. To sustain a conviction for criminal conspiracy under 18 Pa.C.S.A. § 903, "the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy." **Commonwealth v. Fisher**, 80 A.3d 1186, 1190 (Pa. 2013) (citation omitted). "[T]he essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent." **Commonwealth v. Johnson**, 180 A.3d 474, 479 (Pa. Super. 2018) (citation omitted). A conspiracy is almost always proven by circumstantial evidence. **See Commonwealth v. Lambert**, 795 A.2d 1010, 1016 (Pa. Super. 2002) (*en banc*). However, the evidence must rise above the mere possibility of guilty collusion. **See id**.

The trial court addressed the question of whether the Commonwealth established a *prima facie* case of conspiracy with the following discussion:

> [T]he Commonwealth has not proved any showing of any agreement between [Reid] and [Goodwin]. Further, there is zero evidence of a nexus between [Reid] and the drugs that were found in the front room of the property. Additionally, in both the preliminary hearing and the trial court's Motion to Quash, both detectives admitted that they did not have any information of [Reid] being present at the property nor associated with the property in the year of 2019 (when the search took place); nor was the search warrant for [Reid]. N.T. 08/08/2019 at 44-50; N.T. 08/26/2021 at 25 and 29-30. Moreover, [the] Commonwealth

failed to show any evidence that [Reid] and Ms. Goodwin were in contact with one another to make any type of agreement to conspire to a criminal act. Thus, because there is no evidence from [the] Commonwealth showing that [Reid] and Ms. Goodwin conspired to sell or deliver a controlled substance, the Commonwealth did not meet its burden of any of the elements for conspiracy.

Trial Court Opinion, 11/19/21, at 11.

Again, we must agree with the trial court that the Commonwealth failed to present evidence necessary to imply that Reid entered into an agreement to commit or aid in an unlawful act with another, which is the first of the elements required for a conspiracy. The Commonwealth's reliance upon the presence at Goodwin's home of unrelated items of personalty bearing Reid's name is too tenuous to intimate an agreement to commit an unlawful act. Therefore, we agree that the Commonwealth did not establish a *prima facie* case of conspiracy.

In summary, we conclude the trial court properly determined the Commonwealth did not establish the necessary *prima facie* cases for each of the criminal charges brought against Reid. Consequently, the trial court correctly quashed the criminal charges filed against Reid, and the Commonwealth's contrary argument lacks merit.

The Commonwealth last argues that the trial court's action in granting the motion to quash the charges was in violation of the coordinate jurisdiction rule. **See** Commonwealth's Brief at 23-27. The Commonwealth contends that the Honorable Vincent L. Johnson, the judge who quashed the criminal charges

in the trial court, violated the coordinate jurisdiction rule because the Honorable Crystal B. Powell had previously granted the Commonwealth's motion to refile the charges. ***See id***. at 24-25.

Before we reach the merits of this claim, we must consider whether the Commonwealth's argument is preserved for appellate review. Pursuant to Pa.R.A.P. 302, issues that are not raised in the lower court are waived and cannot be raised for the first time on appeal. ***See*** Pa.R.A.P. 302(a). Moreover, we have held that a failure to lodge in the trial court a timely objection based on the coordinate jurisdiction rule results in waiver of the issue on appeal. ***See Commonwealth v. Taylor***, 277 A.3d 577, 585 (Pa. Super. 2022) (citations omitted). Accordingly, only claims alleging a violation of the coordinate jurisdiction rule that have been properly presented in the trial court are preserved for appeal. In addition, it is an appellant's obligation to demonstrate which appellate issues were preserved for review. ***See*** Pa.R.A.P. 2117(c), 2119(e).

Here, we are constrained to conclude that the Commonwealth's argument relying on the coordinate jurisdiction rule is waived because the Commonwealth failed to present the claim to the trial court in the first instance. In its appellate brief, the Commonwealth has not indicated where the issue has been preserved. Moreover, our review of the certified record reflects that the Commonwealth did not present a coordinate jurisdiction rule challenge to the trial court. Consequently, this issue has been waived.

Regardless, even if the Commonwealth had preserved this issue, we would conclude the claim lacks merit. We begin by observing that the law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995). The law of the case doctrine precludes judges of coordinate jurisdiction from overruling each other's decisions absent exceptional circumstances, such as a change in controlling law, a substantial change in facts giving rise to the dispute, or where the prior decision would create manifest injustice if followed. **See id**. 664 A.2d at 1332 (explaining that law of case doctrine subsumes the coordinate jurisdiction rule). "Whether the Law of the Case Doctrine precludes review in a given situation is a pure question of law. Therefore, our standard of review is *de novo.*" **Commonwealth v. Lancit**, 139 A.3d 204, 206 (Pa. Super. 2016) (internal citations omitted).

Pennsylvania Rule of Criminal Procedure 544 sets forth the procedure allowing the Commonwealth to reinstitute a criminal charge following the withdrawal or dismissal of a charge at a preliminary hearing. Rule 544 provides, in relevant part, that "[w]hen charges are dismissed or withdrawn at … a preliminary hearing, … the attorney for the Commonwealth may reinstitute the charges by approving, in writing, **the re-filing of a complaint**

**with the issuing authority who dismissed ... the charges**.” Pa.R.Crim.P. 544(A) (emphasis added).

Our review of the certified record reflects that a preliminary hearing was held before the Honorable Sharon Williams Losier on August 8, 2019, in the Municipal Court of Philadelphia. At the conclusion of the hearing, Judge Losier dismissed all charges for lack of evidence. On September 11, 2019, the Commonwealth filed in the Municipal Court of Philadelphia a “notice of refiling of the criminal complaint,” as is permitted by Rule 544. On January 23, 2020, a hearing was held before Judge Powell, who then issued a “short certificate” granting the motion to refile the charges. The heading on the short certificate reflects that the matter was proceeding in the municipal court. Thereafter, the Commonwealth filed a criminal information in the Court of Common Pleas, and Reid filed, in the Court of Common Pleas, an omnibus pretrial motion seeking to quash the criminal charges. Reid’s motion was heard by Judge Johnson, and relief was granted when Judge Johnson quashed all charges.

As evidenced by the record, the charges were initially dismissed in the municipal court, and refiled by the Commonwealth’s notice of refiling presented to the Municipal Court of Philadelphia. Subsequently, Judge Johnson was the first judge to preside in the matter when the case had risen to the Court of Common Pleas. Therefore, Judge Johnson’s action in quashing the charges did not violate the coordinate jurisdiction rule/law of the case doctrine, because the charges were refiled in the municipal court with the

permission of the municipal court and not the Court of Common Pleas. Therefore, if we had not found this issue to be waived, we would conclude the Commonwealth's argument does not merit relief.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2022

_____

[3] We note that the Commonwealth's reliance on **Commonwealth v. Bostian**, 232 A.3d 898 (Pa. Super. 2020), is misplaced due to a significant procedural dissimilarity. In **Bostian**, the municipal court conducted a preliminary hearing and dismissed all charges at the close of testimony. **See id**. 232 A.3d at 901-902, 906. The Commonwealth took an appeal to the Court of Common Pleas, which then reversed the municipal court's dismissal and held all charges for court. **See id**. at 907. Thereafter, a new judge was assigned to the matter and the defendant filed a motion for reconsideration seeking dismissal of the charges, which was granted. **See id**. On appeal, this Court reversed on the conclusion that the coordinate jurisdiction rule had been violated by the judge who granted the motion for reconsideration.

Unlike **Bostian**, here, the Commonwealth did not appeal the municipal court's dismissal of the charges to the Court of Common Pleas. Rather, the matter remained before the issuing authority when the Commonwealth presented to the municipal court its notice of refiling of the charges. Consequently, the case was not introduced to the Court of Common Pleas prior to Judge Johnson being presented with Reid's omnibus pretrial motion. Accordingly, unlike the matter in **Bostian**, Judge Johnson's decision did not run afoul of the coordinate jurisdiction rule.